UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH GUY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-00539-HAB-SLC |
| MICHAEL BERRY, *et al.* | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Defendants removed this case here from the Allen County Superior Court on December 12, 2024, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendants' diversity allegations are lacking in one respect as to Plaintiff. Defendants allege that they "in good faith, believe and assert that plaintiff, Kenneth Guy is a resident and citizen of the State of Indiana." (ECF 1 ¶ 6 (emphasis added)). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Therefore, Defendants are AFFORDED to and including December 27, 2024, to file a supplemental jurisdiction statement that adequately alleges Plaintiff's citizenship. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party

seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

SO ORDERED.

Entered this 18th day of December 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge